# Kansas City, Memphis & Birmingham Railroad Co. *v.* Flippo.

*Action against Railroad Company by an Employee to recover Damages for Personal Injuries.*

1. *Negligence of railroad company; results from violation of statute.* The violation of the statute by a railroad company in the operation of its road and trains, constitutes an act of negligence for which a liability becomes fixed upon the company or when injury to a person results as a proximate consequence of such negligence.

2. *Action against railroad company for negligence caused by violation of statute; sufficiency of complaint.*—In an action by an employee against a railroad company to recover damages for

[Kansas City, Memphis & Birmingham Railroad Co. v. Flippo.]

personal injuries sustained by the plaintiff while engaged in his duties as a brakeman, where the negligence complained of was the violation of a statute, it is not necessary for the complaint to set out specially said statute and aver its violation, but it is sufficient if the complaint avers a state of facts which show a failure on the part of the railroad company to comply with the requirements of the statute.

3.' *Same; same.*—In such a case, a count of the complaint is sufficinet that avers that on the day of the injury the defendant hauled on its line "a car used in moving interstate traffic that was not equipped with couplings coupling automatically by impact, and that plaintiff, while engaged in making the coupling with said car, as it was his duty to do, had his hand bady mangled and bruised," etc., and that plaintiff's injuries "were caused by reason of the defendant using said car which could not be automatically coupled by impact."

4. *Action for negligence; averments of complaint.*—In an action to recover damages for, personal injuries, alleged to have been caused by the negligence of the defendant, a complaint sufficiently states a cause of action which contains very general averments, little short of mere conclusions, of a want of care and consequent injury, without stating in detail the facts which constitute the negligence complained of.

5. *Action against railroad company for negligence in violating Act of Congress; sufficiency of plea.*—In an action by an employee against a railroad company to recover damages for personal injuries, where the complaint alleges that the injury was caused by the failure of the defendant to comply with the requirements of an act of Congress by which railroads engaged in interstate commerce were required to couple their cars with automatic couplers, a plea which sets up as a defense to such action the assumpsit of risk by the plaintiff, presents no defense and is subject to demurrer.

6. *Contributory neligence; sufficiency of pleas.*—Pleas seeking to set up contributory negligence on the part of the plaintiff, but which do not aver the facts constituting the contributory negligence, are insufficient and subject to demurrer

7. ·*Action against railroad company for negligence in violating act of Congress; when general affirmative charge for defendant properly refused.*—In an action by an employee against a railroad company to recover damages for personal injuries, where the complaint charges the defendant with negligence in failing to observe the requirements of an act of Congress providing that railroads engaged in interstate commerce should use automatic couplers, where the evidence introduced is con-

flicting as to whether the car that was being coupled was engaged in interstate commerce at the time of the accident, the question as to whether such car was so engaged in interstate commerce. is one for the determination of the jury; and the general affirmative charge requested by the defendant is properly refused.

8. *Action for negligence: contributory negligence; when question for the jury.*—In an action by a brakeman against a railroad company to recover damages for injuries sustained while attempting to couple cars on the defendant's road, where some of the counts of the complaint charge that the draw-head of the car attempted to be coupled by the plaintiff was defective, and there was evidence on the part of the plaintiff, though not altogther clear and satisfactory, that the draw-head of the car was defective, and the evidence as to whether the defective draw-head was solely the cause of the injury, or that the contributory negligence of the plaintiff pleaded by the defendant proximately contributed to the injury, was not solely free from conflict, the question of the right of recovery is one for the determination of the jury; and the general affirmative charge requested by the defendant is properly refused.

APPEAL from the Law and Equity Court of Walker.

Tried before the Hon. PEYTON NORVELL.

This action was brought by the appellee, George Flippo, against the appellant, the Kansas City, Memphis & Birmingham Railroad Company, to recover damages sustained by the plaintiff while he was in the empoyment of the defendant as a brakeman.

The complaint contained six counts. The prefatory averments of each of the counts of the complaint were substantially the same, and averred the fact that the defendant was a common carrier and engaged in such business at the time of the accident, and that the plaintiff was in the employment of the defendant as a brakeman. The averments of negligence in each of the counts were as follows:

1. "On said date aforesaid defendant hauled or used on its line a car used in moving interstate traffic that was not equipped with couplers coupling automatically by impact, and that plaintiff while engaged in making a coupling with said car, as it was his duty to do, had his hand badly mangled and bruised, and lost one

[Kansas City, Memphis & Birmingham Railroad Co. v. Flippo.]

finger on said hand, and suffered great mental and physical pain and loss of time and expense for medicine and nursing. Plaintiff alleges that his injuries as aforesaid were caused by reason of the defendant using said car, which could not be automatically coupled by impact, to his damage in the sum aforesaid."

2. "On said date aforesaid defendant hauled or used on its line a car used in moving interstate traffic, and it became plaintiff's duty to couple said car to an engine, and plaintiff alleges that said car was not equipped with couplers coupling automatically by impact that could be so coupled with said engine, and in making said coupling the plaintiff's hand was badly mangled and bruised, and he lost one finger on said hand, and he suffered great mental and physical pain and loss of time. Plaintiff alleges that his injuries, as aforesaid, were caused by the defendant using said car in moving interstate traffic that could not be automatically coupled by impact with said engine to his damage in the sum aforesaid."

3. "On said date the defendant used a car in interstate commerce that was not provided with secure grab irons or handholds in the end of said car, and it beame the duty of plaintiff to make a coupling with said car, and in making said coupling the plaintiff lost balance and his hand was caught between the couplings and was badly mangled and bruised and dismembered, and he suffered great mental and physical pain and loss of time. Plaintiff alleges that his injuries were caused by reason of not having secure grab irons or handholds in the end of said car, to his great damage as aforesaid."

4. "On said date aforesaid, the defendant used on its track in Walker county, Alabama, a freight car used in interstate traffic that did not have drawbars of the standard height, and the plaintiff while engaged in making the coupling with said car, as it was his duty to do, his hand was badly torn, cut or bruised, and had one finger cut off, and was made sore and sick, and suffered great mental and physical pain, and was rendered for a long time unable to work and earn money, and was rendered permanently less able to work and earn money,

and was disfigured for life, and was put to great inconvenience and expense for medicine, medical attention, care and nursing in and about his efforts to heal and cure said wounds and injuries. Plaintiff avers that his injuries as aforesaid, were caused by reason of the defendant using said freight car, which did not have draw-bars of standard height, to his damage in the sum aforesaid."

5. "On said date plaintiff was in the services of the defendant at its instance as a brakeman, and as said brakeman it became his duty to couple an engine to a car on the railroad track of defendant at or near Carbon Hill, Ala., and in making said coupling plaintiff's hand was caught between the couplers, whereby plaintiff's hand was badly cut, torn or bruised, and one finger cut off, and plaintiff was made sore and sick and suffered great mental and phyisical pain, and was rendered for a long time unable to work and earn money, and was crippled for life, and was put to great inconvenience and expense for medicine, medical attention, care and nursing in or about his efforts to cure and heal his said wounds and injuries. Plaintiff avers that he suffered said injuries and damage, by reason and as an approximate consequence of the defect in the condition of the ways, works, machinery or plant used in or connected with said business of defendant, which defect arose from, or had not been discovered or remedied owing to the negligence of defendant, or of some person in the services or employment of defendant, and intrusted by it with the duty of seeing that the ways, works, machinery or plant were in a proper condition, namely: The draw-head in the car that plaintiff was coupling to an engine was out of order, defective, or otherwise not proper and sufficient for the purpose."

6. "Plaintiff avers that his said injury and damage was caused by reason of the negligence of one William Dice who was then and there in the service of the defendant, and to whose orders or directions the plaintiff at the time of the injury was bound to conform, and did conform, and his said injuries resulted from his having so conformed. Plaintiff avers that said

negligence of the said William Dice consisted of directing the defendant to make the coupling between an engine that had a link and pin coupler, to a car which had a draw-head which was defective and out of place, to the plaintiff's damages in the sum of nineteen hundred and ninety-five dollars, wherefore he sues."

The defendant demurred to the complaint as a whole upon the following grounds: 1. Each count of said complaint fails to show any act of negligence or circumstance which would render the defendant liable. 2. Each count fails to aver or allege any facts of negligence or wrong committed by defendant which proximately contributed to the injury complained of. 3. There is no sufficient allegation of negligence which caused the injury complained of. 4. Each of said counts fail to aver any facts from which can be inferred any defect existing in the box car and engine at the time plaintiff is alleged to have made the said coupling. 5. Each count shows on its face that the alleged danger in attempting to couple the said car and engine was a risk incident to the plaintiff's employment, from which in resulting in injury no action arises.

To the 1st and 2d counts of the complaint the defendant demurred upon the following ground: 1. Each of said counts 1 and 2 fails to show how or why it was the duty of the defendant to use cars coupling automatically by impact.

To the 3d and 4th counts of the complaint the defendant demurred upon the following grounds: 1. Each of said counts fail to aver why or in what respect the said grab-irons or hand-holds were insufficient, or how the same contributed to the injury complained of. 3. Each of said counts 3 and 4 fail to aver how or in what respect the grab-irons or hand-holds or draw-bars contributed to the injury complained of. 2. It is not shown how or in what respect it was the duty of defendant to have grab-irons or hand-holds of a standard height. 4. Each of said counts fail to aver that the grab-irons or hand-holds or draw-bars attached to the said car were out of order or unsafe or unfit to be used by the company in its business.

To the 5th count of the complaint the defendant demurred upon the following ground: The same fails to aver the name of the person in the service or employment of defendant to whom was intrusted the duty of seeing that the ways, works, machinery or plants of the defendant were in proper condition, or that his name could not have been ascertained by reasonable diligence.

To the 6th count of the complaint the defendant demurred upon the following grounds: 1. It is not shown that William Dice had authority to direct plaintiff to make the coupling. 2. The alleged defect was open and obvious to the plaintiff and in attempting to make the coupling of the engine and the car he assumed the risk occasioned by the alleged defect in the draw-head and coupling appliances.

The defendant pleaded the general issue and several special pleas. Among the special pleas filed by the defendant were the following: "3. And for a further answer to the complaint, the defendant says that the plaintiff, well knowing the condition of the car and coupling appliances, voluntarily undertook to couple the engine to the car, and that he thereby assumed the risk of any danger and injuries incident thereto.

"4. And for a further answer to the complaint and each count thereof, separately and severally, the defendant says, that the plaintiff, well knowing the condition of the coupling appliances and the car, voluntarily undertook to couple the engine to the car and went in between the car and the engine to couple them together and was injured, and his said negligence contributed proximately to his alleged injuries."

To the 3d and 4th pleas, the plaintiff demurred upon the following grounds: 1. The said pleas are interposed to the whole complaint and the allegations of the 1st, 2d, 3d and 4th counts of the complaint show that the plaintiff did not assume the risk of said danger and injuries. 2d. The said pleas are filed as an answer to the whole complaint and the allegations of the 1st count of the complaint are that plaintiff's injuries

were caused by defendant using in interstate traffic a car not equipped with couplers coupling automatically by impact. 3. The said pleas purport to answer the whole complaint and the allegations of the 3d count of the complaint show that plaintiff's injuries were caused by defendant using in interstate commerce a car that was not provided with secure grab-irons or hand-holds in the end of said car.

Issue was joined on the plea of the general issue and the pleas setting up contributory negligence of the plaintiff. The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give to the jury, among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If you believe the evidence, you must find for the defendant." (2.) "If you believe the evidence, you cannot find for the plaintiff under the first count of the complaint." (3.) "If you believe the evidence, you cannot find for the plaintiff under the second count of the complaint." (4.) "If you believe the evidence, you cannot find for the plaintiff under the third count of the complaint." (6.) "If you believe the evidence, you can not find for the plaintiff under the fifth count of the complaint." (8.) "If you believe the evidence, you must find that at the time the plaintiff was injured the car which was coupled to the engine was not being used by the defendant in moving interstate traffic." (9.) "If you believe the evidence, you must find that at the time the plaintiff was injured the engine which was coupled to the car was not being used by the defendant in moving interstate traffic." (10.) "If you believe the evidence, you must find that at the time the plaintiff was injured the car which was coupled to the engine was equipped with a coupler coupling automatically by impact." (11.) "If you believe the evidence, you must find that at the time the plaintiff was injured in coupling the engine to the car for the purpose of moving it to Carbon Hill, the defendant was not using either the engine or car in moving

interstate traffic." (13.) "I charge you that there is no evidence in the case that authorizes you to find that the car to which the engine was coupled by the plaintiff, was used in interstate traffic until after the car reached Carbon Hill." (14.) "If you believe the evidence, you must find that the car to which the engine was coupled by the plaintiff was, at the time it was so coupled and at the time plaintiff was injured, provided with secure grab-irons in the ends of the car." (15.) "If a reasonably careful and prudent man would have known before the coupling was made, whether the car did or not have secure grab-irons in the end of the car at which the coupling was made, and if you believe from the evidence that the car had such grab-irons and at the time the coupling was made the plaintiff did not know this, and that his failure to know this proximately caused his injury, you must find for the defendant." (17.) "If you believe from the evidence that when the engine came back against the car the jar of the collision was no greater than was usual and ordinary, you must find for the defendant, if you further believe from the evidence that it was such jar of the collision that caused the plaintiff to throw his hand on the draw-head of the car in such a position that the finger that was mashed was caught between the draw-head and dead-wood." (18.) "If you believe the evidence, you can not find that the car was being used in moving interstate traffic until after the defendant had been given instructions to carry the car to Harrison, Mississippi, or to some point out side the State of Alabama, and the burden is upon the plaintiff to reasonably satisfy you by a preponderance of the evidence that at the time of the injury to the plaintiff such instructions had been given and the car was being moved in carrying out and in pursuance of such instructions." (B.) "If the jury believe from the evidence that the plaintiff placed his hand on the coupler in such a manner as his finger was caught by the deadwood of the car after the plaintiff had made the coupling, he is guilty of contributory negligence, and can not recover, and your verdict must be for the defendant." (D.) "If the jury believe from the evidence

that the plaintiff in making the coupling undertook to pull the coupler on the car and in pulling the coupler he placed his hand on the buffer of the coupler so his finger was caught by the deadwood of the car, he was guilty of such negligence which precludes him from recovery and your verdict must be for the defendant." (E.) "If the plaintiff after making the coupling, placed his hand on the buffer of the coupler so his finger was caught by the deadwood of the car he was guilty of negligence and can not recover, and you must return a verdict for the defendant." (F.) "If the jury believe from the evidence that defendant's employes who had charge of the engine and car were not guilty of any negligence, and that the coupling appliances were in proper order on the engine and car which the plaintiff coupled, then plaintiff can not recover and your verdict must be for the defendant." (G.) "If the jury believes the evidence, they are bound to find that the plaintiff undertook to couple the engine to the car, well knowing the condition of the coupling appliances on the engine and the car, and the plaintiff, by reason of the negligent position which he then and there assumed, proximately contributed to plaintiff's injury, he can not recover, and you must find for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $350. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—There is no averment of a failure of duty by the defendant in any particular prescribed by our statutes or by the common law. There is no averment that the defendant negligently did anything; but negligence is presumed by the court from the fact that the defendant failed to comply with the act of congress. Now this act of congress prescribes a penalty for non-compliance with its terms, and further provides against the employes' assumption of risk in performing his duty

about the cars. Had the congress the power to add to our statute or to the common law prevailing in this State, by declaring a duty in respect to the equipment of the train so as to give a cause of action to a plaintiff injured by failure to comply with the act?—*Knox v. Rossi*, 48 Layers' Rep. An. 305 and note; *Small v. Slocomb*, 81 Am. State Rep. 50 and note; *Ins Co. v. Estes*, 82 Am. State Rep. 892 and note; *Kennedy v. Rountree*, 82 Am. St. Rep. 841; *Garland v. Games*, 84 Am. St. Rep. 182.

COLEMAN & BANKHEAD, *contra.*—The first three counts set up the duty of the defendant in the language of the Safety Appliance Act and a violation of that duty and that plaintiff's injuries were caused by reason of the violation of that duty. No principle of law is better established than that a person is responsible for all damages resulting proximately from violation of the duty imposed by law.—*Southern Ry. Co. v. Prather*, 119 Ala. 593; *S. & N. R. R. v. Donovan*, 84 Ala. 147; *Gothod v. A. G. S. R. R.*, 67 Ala. 115.

General averments of negligence meet all the requirements.—*Mary Lee Coal & Ry. Co. v. Chambliss*, 97 Ala. 171; *Ga. Pa. R. R. Co. v. Davis*, 97 Ala. 307; *Southern Ry. Co. v. Guyton*, 122 Ala. 231.

The demurrers to pleas 3 and 4 as an answer to the 3d and 4th counts were properly sustained. Knowledge of the defect without time to act on it unless obviously dangerous is not sufficient to constitute assumption of the risk. An employe is given a reasonable time after knowledge of the defect for its remedy before he assumes the risk.—*Birmingham Railway & Electric Co. v. Allen*, 99 Ala. 359; *Georgia Pa. Ry. Co. v. Davis*, 92 Ala. 309; *Bridges v. T. C. I. & Ry. Co.*, 109 Ala. 293.

From the moment that an article of commerce commences to move from one state to another, it becomes a subject of inter-state commerce.—*Bennett v. American Express Co.*, 23 Am. St. Rep. 774; *Houston Nov. Co. v. Ins. Co. of N. A.*, 59 Am. St. Rep. 20.

[Kansas City, Memphis & Birmingham Railroad Co. v. Flippo.]

DOWDELL, J.—This is a suit brought by the appellee against the appellant Railroad Company, to recover damages for personal injuries received while in the discharge of his duties as a brakeman, by reason of the alleged negligence of the defendant. The complaint contained six counts, the first four being predicated upon a violation by defendant of an act of Congress, approved March 2d, 1893, known as the Safety Appliance Act, and entitled "An act to promote the safety of employes and travellers upon railroads by compelling common carriers engaged in interstate commerce to equip their cars with automatic couplers," etc., and, the last two being for alleged negligence arising under our statute, known as the employer's liability statute. The complaint and each count thereof was demurred to by the defendant, and the demurrers were overruled. On this ruling of the court, the assignments of error numbered from one to seven, inclusive, are based.

It is a well established rule of law that the violation of a statute by a railroad company in the operation of its road and trains constitutes an act of negligence for which a liability becomes fixed upon the company when injury to a person results as the proximate consequence of such negligence. The courts of the country take judicial notice of the act of Congress, known as the safety appliance act, and where the complaint avers a state of facts, which show a failure on the part of the railroad company, to comply with the requirements of the statute, this is sufficient; it not being required to plead specially a general statute. The objection raised to the several counts because of the generality of the averments of negligence, is untenable. As said in *Ga. Pac. R. R. Co. v. Davis*, 92 Ala. 307, where many of our cases are cited, and which have been followed in more recent decisions, "under our system of pleading very general averments, little short indeed of mere conclusions, of a want of care and consequent injury, leaving out the facts which constitute and go to prove the negligence, meet all the requirements of the law." When tested

by the rule laid down in these cases, the complaint was not open to the demurrer on the ground therein stated, and no error was committed in overruling the same.

The defendant filed a number of pleas, all and each of which purported to be filed to the complaint as a whole, as well as to counts severally named. Demurrers were interposed and sustained to pleas three and four. The 3d plea set up as a defense the assumption of risk by the plaintiff. This could not be pleaded as to those counts, which were based upon the act of congress above mentioned, known as the safety appliance act, since this statute in terms provides that in cases arising under it from a failure to comply with its provisions, the employe shall not be deemed to have assumed the risk of the employment. The 4th plea, if taken as setting up assumed risk, was for the same reason bad, and if taken as setting up contributory negligence, it was faulty, in failing to aver in what the contributory negligence consisted. It cannot be affirmed to be negligence *per se* for a brakeman to go in between the cars and engine to make a coupling, and this, in effect, is what is alleged as the negligence in plea 4. The assumption of risk as a matter of defense, is one that arises out of the contract between the parties, and we see no reason why it is not as much within the legislative competency of the Congress of the United States when legislating as to interstate commerce—a matter exclusively within its power under the Federal constitution—to say that the common carrier, when engaged in interstate commerce, failing to comply with the provisions of the state, may not avail itself of the doctrine of assumed risk, as it, the Congress, has to provide for regulations with which a compliance is required. We see no merit in the suggestion in argument by counsel for appellant along this line. There was no error in sustaining the demurrer to this plea as originally filed. The pleas were subsequently amended and limited to the 5th and 6th counts, and issue was joined on them along with other pleas.

On the trial, the 5th and 6th counts of the complaint were eliminated by charges of the court given at the in-

stance of the defendant, and we, therefore, take no notice of the rulings of the trial court on the pleadings relative to these counts. It remains to be considered whether any error was committed in the giving and refusal of charges under the other counts. The evidence was, that the defendant operated a railroad leading from Birmingham, in Alabama, to Memphis, in Tennessee; that the plaintiff was in its employment and service as a brakeman, and while in the act of coupling a car to a switch engine, he was injured by having a finger crushed, which necessitated amputation. The evidence also, without conflict showed, that at the time of the accident, the car and engine were at No. 5 mines, about a mile west of Carbon Hill, Alabama. Carbon Hill being a station on defendant's main line, and No. 5 mines being connected with the main line at Carbon Hill by a spur track. The car at the time of the accident was being switched at No. 5 mines preparatory to being carried to Carbon Hill by the switch engine, (used by the defendant between said points), preparatory to being shipped by regular train over the main line. This switch engine never went any further than Carbon Hill, and was not used for any other purpose than that of a switch engine; it was not used on the main line, but merely for carrying cars to the depot at Carbon Hill from the mines, and then placing the cars on a storage track at Carbon Hill, to be taken from the storage track and put on a special siding, and from that siding they were taken by regular trains to the point of destination. It is further shown by the evidence and without dispute, that the car after it had been loaded at the mines and put on the storage track at Carbon Hill, was thereafter billed and shipped from Carbon Hill to Aberdeen, Mississippi, by the Galloway Coal Company, which company owned No. 5 mines. The car was an Illinois Central car and numbered 75,306. It was shown also that cars of coal were sometimes billed from the mines and sometimes from Carbon Hill. It, therefore, appears from the evidence without dispute, that the car, when the accident happened, was on the spur track

of the defendant, about a mile from the main line, and there is nothing in the record to show that any instructions whatever had been given by the shipper before the car reached Carbon Hill as to its destination or intended destination, but that it was placed upon a storage track by a switch engine, which was used for no other purpose, where it was left, and afterwards it was made a part of a regular train and carried to Aberdeen, Mississippi.

For aught that appears in the record, the car of coal at the time of the accident, while still at the mines, might have been intended for shipment by the owners, the Galloway Coal Company, to some point within the State. In the opinion of the writer, the evidence affords no legitimate inference to be drawn by the jury, that the car, at the time of the injury, was being used in the transportation of interstate commerce. The other members of the court, however, do not concur in this view, but are of the opinion that upon the whole evidence, the question as to whether the car was at the time being used in interstate commerce, should have been left to the determination of the jury. The undisputed evidence, however, was that the car in question, was equipped with appliances as required by the act of Congress, that is to say, with automatic couplers, and under the averments of the complaint, that the cars were not equipped with automatic couplers, evidence merely of a defect in such couplers, would not support the averment. The defendant, therefore, was on this undisputed evidence, entitled to the general charge requested as to the counts based on said act of Congress, and the court erred in refusing the same.

The remaining count No. 5, upon which a trial was had, counted on a defect in the draw head of the car, as being the proximate cause of the plaintiff's injury. While the plaintiff's evidence as to the draw head of the car being defective, was not altogether clear and satisfactory, yet it was sufficient, to require a submission of that question to the jury—and this being true the affirmative charge requested as to this count was properly refused. The evidence as to whether the defective

draw head was solely the cause of the injury, or that the contributory negligence pleaded proximately contributed to the injury, was not wholly free from conflict, and it was, therefore, proper to submit the question to the jury.

There were other charges asked and refused, and to which exceptions were reserved, and also exceptions taken to certain portions of the oral charge of the court, but the view we have taken, and what we have already said, renders it unnecessary to consider in detail such other exceptions. For the errors pointed out the judgment will be reversed, and the cause remanded.

Reversed and remanded.