# Sloss-Sheffield S. & I. Co. *v.* Sharpe.

### *Injuries to Employe.*

(Decided June 17, 1909. 50 South. 52.)

1. *Master and Servant; Injury to Servant; Complaint; Sufficiency of Demurrer.*—Although a complaint was defective in that it alleges inferentially only that there was an explosive gas in the mines, yet where such defect was not pointed out by demurrer to the count, it was not error to overrule such demurrer.

2. *Same.*—A failure to observe a duty imposed by a mandatory statute is negligence per se, and hence, a failure to aver as negligence the mine owner's failure to observe the requirements of section 2914, Code 1896, was not subject to demurrer.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. O. LANE.

[Sloss-Sheffield S. & I. Co. v. Sharpe.]

Personal injury action by S. A. Sharp against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff for $250 and defendant appeals. Affirmed.

See report of former appeal in this case, found in 156 Ala. 284, 47 South. 279, where the fourth count is set out in the opinion.

On a remandment of the cause this count was amended as follows: By striking out the words "or other explosive substances." And it was further amended by inserting just after the word "defect" the words "arose from or." The complaint was further amended by adding two counts not necessary to be here set out.

The following demurrers were assigned to the fourth count: "(1) It does not aver that defendant negligently failed to provide a way to conduct air into said mine in sufficient quantity. (2) Because the failure to provide a way for air, as alleged in such complaint, is not a defect as a matter of law. (3) It is not averred that plaintiff received his injuries as a proximate consequence of a defect in the ways, works, machinery, or plant of defendant, and because said count presents no liability under the employer's liability act or the common law.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The 4th count imposes more than the statute requires, and on the authority of the former appeal in this case reported in 47 South. 279, the demurrer should have been sustained to that count.

W. K. TERRY, and W. T. STEWART, for appellee. The court did not err in overruling the demurrer.—Sec. 2914, Code 1896; *Foley v. P. M. & M. Co.,* 40 South. 273; Lebatt on M. & S. secs. 799-800; 18 S. E. 583.

SAYRE, J.—When this cause was here on a former appeal 156 Ala. 284, 47 South. 279, it was ruled that the demurrer to the fourth count of the complaint should have been sustained, because, in addition to the duty fixed by section 2914 of the Code of 1896 upon the operators of mines to provide and maintain ample means of ventilation for the circulation of air through the main, entries and other working places in their mines, to an extent that will dilute, carry off, and render harmless the noxious gases generated in the mine, the count sought to impose upon the operators of mines the further duty to provide and maintain a circulation of air suffi- to brush out other explosive substances. Upon its return to the trial court this ruling was met by an amendment which eliminated that objectionable feature of the count. Demurrer to the count as thus amended was interposed, and again overruled, and this ruling is made the subject of the sole assignment of error.

The assignment now is that the count failed to aver that there were noxious gases generated in the mine, and since the presence of noxious gases generated in the mine is the condition upon which is predicated the duty enjoined by the statute, the count fails to show a breach of the statutory duty. The count avers that the plaintiff was burned by a fire in the mine where he was at work; "said fire being caused by the ignition or explosion of gas in said mine." No doubt the Legislature had not in contemplation the possibility of noxious gases in mines other than such as are generated there. The purpose was to require that noxious and explosive gases shall be swept out. Such was the duty of the operators of the mine without the statute. It is possible that noxious and explosive gases may find their way into mines, so that it could not be said that they were generated there, and doubtless the count in question is

defective, in that it alleges inferentially only that there was an explosive gas in the mine; but this defect, and the failure to allege that the gas was generated in the mine, if that was necessary in any case, were not pointed out by the demurrer. We cannot, therefore, on the record presented, affirm that there was error in the ruling complained of.

Nor did the count need the help of an averment that the failure to observe the statute was negligent. Failure to observe a duty imposed by positive mandatory statute is negligence per se.—*Kansas City, M. & B. R. R. Co. v. Flippo*, 138 Ala. 487, 35 South. 457.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.