(76 South. 965)

HOOD & WHEELER FURNITURE CO. v. ROYAL. (6 Div. 503.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. MUNICIPAL CORPORATIONS ☞592(1), 661(2) —STREETS—REGULATION OF TRAFFIC—ORDINANCES—VALIDITY.

A municipal ordinance regulating traffic upon streets is not void for unreasonableness or uncertainty, nor for inconsistency with the general law of the state, merely because it fails to provide the rule of evidence that a rate of speed in excess of 30 miles an hour for a distance of a quarter of a mile shall be presumptive evidence of excessive speed, as is provided by Acts 1911, p. 642, § 21.

2. MUNICIPAL CORPORATIONS ☞706(1) — USE OF STREET — ACCIDENTS—PLEADING—SUFFICIENCY.

Failure of an automobile truck driver to observe the duty imposed by a mandatory ordinance requiring reasonable speeds, being negligence per se, in an action for personal injuries when struck by such truck negligence eo nomine need not be alleged.

3. MUNICIPAL CORPORATIONS ☞706(1)—USE OF STREET—ACCIDENTS—PLEADING.

In an action for injuries in an automobile accident, a count, alleging the substance of an ordinance prohibiting excessive speeds, that it was in effect, and that the driver failed to comply therewith, and that plaintiff was injured in consequence thereof, was sufficient.

4. NEGLIGENCE ☞85(3)—CONTRIBUTORY NEGLIGENCE—MINORS.

A child seven years of age is prima facie incapable of contributory negligence.

5. MUNICIPAL CORPORATIONS ☞706(1)—INJURIES ON STREET—PLEADING—DEMURRER.

In an action for injuries to seven year old child in an automobile accident, it was not reversible error to sustain demurrer to a plea that the child ran from place of safety with knowledge of the approach of the automobile and so was injured, since, if the plea was not one of contributory negligence, it was denial of which defendants had the full benefit under the general issue, and if it were a plea of contributory negligence it was incompetent; plaintiff not being capable of contributory negligence.

6. MUNICIPAL CORPORATIONS ☞705(4) — STREETS—CROSSING ACCIDENTS—EVIDENCE—ADMISSIBILITY.

In action for injuries in automobile accident, the jury could consider, on the question of the proper rate of speed of the automobile, the fact that the street was torn up, that traffic was heavy, and that all vehicles had to pass on the street car tracks and not on the other portion of the pavement.

7. DAMAGES ☞212—INSTRUCTIONS—PARTICULAR WORDS.

Mere failure of instruction that reasonable compensation was within the discretion of the jury, to require the jury to exercise a sound discretion, is not error.

8. MUNICIPAL CORPORATIONS ☞705(4) — STREETS—SPEED OF TRAVEL—NEGLIGENCE.

If plaintiff was injured as a proximate consequence of driving an automobile in violation of a city ordinance by a servant of defendant acting within the line and scope of his employment, a prima facie case of actionable negligence was made out.

9. MUNICIPAL CORPORATIONS ☞706(5) — STREETS—SPEED OF TRAVEL—WANTON NEGLIGENCE.

Evidence held to authorize finding of wanton and willful negligence in the driving of the automobile by which plaintiff was struck.

10. MUNICIPAL CORPORATIONS ☞706(8) — STREETS—SPEED OF TRAVEL.

Since automobiles have no special privileges in the street by reason of their speed, it is not error, in action for injuries when struck by automobile, to refuse a charge that the use of highways and streets must be extended to meet the modern innovations of rapid locomotion; such charge being misleading.

11. TRIAL ☞260(1) — INSTRUCTIONS — REQUESTS COVERED.

By specific provision of Code 1907, § 5364, as amended by Acts 1915, p. 815, refusal of a

charge fully covered by the court's oral charge was not ground for reversal.

12. MUNICIPAL CORPORATIONS ⚖️706(8) — STREETS — CROSSING ACCIDENTS — INSTRUCTIONS.

In action for injuries to a seven year old child by an automobile, a requested instruction that, if plaintiff voluntarily ran in front of the automobile, and that this alone caused his injury, verdict should be for defendant, was properly refused.

13. MUNICIPAL CORPORATIONS ⚖️706(8) — STREETS — CROSSING ACCIDENTS — INSTRUCTIONS.

In action for injuries to a seven year old child by an automobile, an instruction that, if plaintiff knew of the danger of being injured by an automobile traveling in the streets, and did not look for any automobile on the streets before he attempted to go back across the street, and he voluntarily left a place of safety and ran in front of the automobile, and this caused his injury, and the driver of the automobile was not guilty of negligence causing said injury, the verdict should be for defendant, properly refused as calculated to mislead the jury.

14. APPEAL AND ERROR ⚖️999(1)—SCOPE OF REVIEW—FINDING OF FACTS.

Where a fact question is clearly for the jury, the court on appeal is unable to interfere with its finding.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Eulass Royal, by next friend, against the Hood & Wheeler Furniture Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused to defendant:

(3) If the jury believe all the evidence in this case, they cannot find a verdict for plaintiff under the second count of the complaint (the wanton count).

(5) The court charges the jury that the use of highways and streets must be extended to meet the modern innovation of rapid locomotion.

(7) The court charges the jury that, where automobiles are operated upon the streets of the city with due regard to the rights of others using the highways, the owners thereof will not be liable for any injury that such use of such automobile may cause to others.

(11) If the jury believe from the evidence that plaintiff in this case voluntarily ran in front of the moving auto truck, and in close and dangerous proximity thereto, and that this alone caused his own injury, then you must find a verdict for defendant.

(14) The court charges the jury that the ordinance referred to in count 4 of the complaint is void because the same is vague, indefinite, and uncertain.

(20) If the jury believe from all the evidence in this case that plaintiff knew of the danger of being injured by an automobile traveling in the streets, and did not look for any automobile on the streets before he attempted to cross back to the north side of the street, and that he voluntarily left a place of safety and ran in front of the automobile, and that this caused his injury, and that the driver of the automobile was not guilty of negligence causing said injury, then they must find a verdict for defendant.

(26) The city of Birmingham has no authority to regulate the speed of automobiles on the street of the city between street crossings.

The following charge was given for plaintiff:

A. If you are reasonably satisfied by the evidence that the child was injured as a proximate consequence of the violation of the city ordinance set out in count 4 of the complaint, by the servant of defendant acting within the line and scope of his employment, then a prima facie case of actionable negligence is made out.

A. G. & E. D. Smith, of Birmingham, for appellant. McArthur & Howard, of Birmingham, for appellee.

SAYRE, J. [1-3] Appellants (defendants) demurred to the fourth count of the complaint. The demurrer was properly overruled. The count was grounded upon an alleged violation of an ordinance of the city of Birmingham which provides, substantially, that it shall be unlawful to operate or run any motor vehicle upon the public highways in the city of Birmingham recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to endanger property or the life or limb of any person. In so far as the ordinance provides a rule of conduct—that is, apart from the penalty demanded for its violation—it is nothing more than an adoption of the statute of the state (Acts 1911, p. 642, § 21) which itself merely declares the common law. True, the statute provides that a rate of speed in excess of 30 miles an hour for a distance of a quarter of a mile shall be presumed—by which we suppose the Legislature intended to say presumptive—evidence of traveling at a rate of speed which is not careful and prudent, that local authorities shall have no power to pass, enforce, or maintain any ordinance, rule, or regulation regulating motor vehicles or their speed contrary to the provisions of the act (section 32 of the act supra), provided, however, that "suitable ordinance, rules and regulations may be passed regulating speed to a reasonable slowness at crossings or in turning curves or in congested highways and streets" (Id.), and it is also true that the ordinance enacts no such rule of evidence. Still that fact does not make the ordinance inconsistent with the statute. The ordinance, so far as it goes to the point at issue, is framed in the very language of the statute, and the statute, as we have seen, states a principle of general law. The ordinance was therefore not void for unreasonableness or uncertainty nor for inconsistency with the general law of the state. Nor was it necessary that the count should carry an averment of negligence eo nomine, for the failure of defendants' agent to observe the duty imposed by the mandatory ordinance was negligence per se. Sloss-Sheffield Co. v. Sharpe, 161 Ala. 432, 50 South. 52; K. C. M. & B. R. R. Co. v. Flippo, 138 Ala. 487, 35 South. 457. The count alleged the substance of the ordinance,

that it was in force and effect, that defendants' agent failed to comply with its mandate, and that plaintiff was injured in consequence, and this was enough. B. R. L. & P. Co. v. Fuqua, 174 Ala. 631, 56 South. 578.

[4, 5] The complaint alleged that plaintiff was about seven years of age. Plea 4 undertook to answer by averring that:

"Plaintiff walked or ran from a place of safety on said street in front of the automobile truck of the defendants with knowledge of the danger from the approaching automobile truck, and in doing so got in such close proximity to the automobile truck that no preventive effort on the part of the defendants' employé in charge of the car could have avoided the collision," etc.

Plaintiff was prima facie incapable of exercising judgment and discretion, and hence prima facie incapable of contributory negligence. Government Street R. R. v. Hanlon, 53 Ala. 70; B. R. L. & P. Co. v. Landrum, 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25; Central of Georgia v. Chambers, 183 Ala. 155, 62 South. 724. But appellants say the plea was not a plea of contributory negligence. If so, it was a plea of denial merely, and defendants had the full benefit of it under their plea of the general issue. In either case there was no reversible error in sustaining the demurrer to the plea.

[6] There was no error in the rulings on evidence. At the place where defendants' automobile truck ran upon plaintiff, one side of the street had been rendered impassable by reason of improvements going on there. The other side was partially obstructed by a sand pile next to the curb. It resulted that vehicles moving along the street in either direction at that point were obliged to move over toward the center of the street and near, if not directly upon, one or the other of two tracks there laid and used by the street car company. In this situation the manner of the street car company's use of its tracks, its frequency, etc., may have been properly considered by the jury as shedding light upon the question as to what speed defendants' truck might, in the observance of due care, maintain at that point.

There was no merit in the first exception to the court's oral charge. The court, briefly, but sufficiently, stated a view of the ordinance substantially the same as that expressed by us heretofore.

[7] The context of that part of the court's oral charge to which the next exception was reserved, as well as the language itself of the part in question, shows that the court was speaking exclusively of damages for physical and mental pain, when it said to the jury that:

"It is (was) left entirely to the discretion of the jury trying the case to determine from all the evidence in this case what would be reasonable compensation for physical or mental pain."

It seems to be conceded in the brief that the charge would not be subject to criticism had it said "sound discretion" instead of "discretion" merely. The criticism of the charge is too refined for practical use. Discretion meant judgment, and judgment was confined to the assessment of reasonable compensation. There was no error in the charge. Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88.

[8] What has been said above with reference to the ordinance of the city of Birmingham, declared upon in the fourth count of the complaint, will serve to disclose our opinion that the court committed no error in giving charge A on plaintiff's request.

[9] Charge 3 requested by the defendants, the general charge against a recovery under the second count of the complaint, where damages were claimed for a wanton or willful injury, was refused without error. The street was obstructed on both sides, and according to tendencies of the evidence, several vehicles were approaching the point of constriction where plaintiff was run over; there were, several small children at that point, probably playing upon and around the sand pile; defendants' automobile truck had just passed a buggy or wagon moving in the same direction with itself and was driven into the narrow way at a high rate of speed and at the same time with another vehicle moving in the opposite direction. We say tendencies of the evidence supported these conclusions of fact. The result was for the jury, and the court is of the opinion that the jury were authorized to find wantonness or willfulness in the circumstances of plaintiff's injury. These considerations, in connection with what has been said of count 4 of the complaint, make it clear, we think, that there was no error in refusing charge 19 requested by defendants, the general affirmative charge against a recovery under the fourth count.

[10] Charge 5, requested by defendants, was misleading and refused without error. No doubt the superior speed of the automobile is an important element of its great value, but the exigent demands of the public safety are just what they have always been. The charge was calcuated to produce the impression that the safety of the public on the highways of the country had yielded something to "the modern innovations of rapid locomotion," and such indeed is the argument for the charge; but this court holds that automobiles have no special privileges in the street by reason of their speed, that they simply travel along the streets with the same privileges and obligations as other vehicles, and are bound by the old and simple rule, which is that drivers on the streets and pedestrians, each recognizing the rights of the other, are required to exercise reasonable care. Barbour v. Shebor, 177 Ala. 304, 58 South. 276.

[11] Charge 7, requested by defendants, seems to introduce a new definition of "due care," or, if it means nothing different, then it was fully covered by the court's oral charge which very clearly and fairly stated the law of the subject. There can be no reversal

200 Ala.—39

on account of its refusal. Section 5364 of the Code as amended; Acts 1915, p. 815.

[12] Charge 11 was refused to defendants without reversible error. Certainly plaintiff would not have been injured as he was, had he not been in front of the moving truck, however he got there, and his being there was, of course, one of the causes of his injury. In the same way, and beyond peradventure, the movement of the truck was one of the causes of plaintiff's injury. There was no propriety in predicating any result solely of either cause of this character, for the court and jury were dealing with proximate legal causes, and, plaintiff's age and the fact of his injury by defendants' automobile truck not being denied, the sole question at issue was whether plaintiff's injury had resulted proximately, in a legal sense, from negligence on the part of defendants' driver. The form of statement adopted in the charge was calculated to confuse and mislead the jury and was well refused.

Referring again to what has been said concerning the validity of the ordinance declared upon in the fourth count, charge 14, refused to defendants, need not be separately discussed.

[13] Defendants' charge 20 was subject to criticism for that it seemed, superficially at least, to pretermit inquiry as to the case stated in count 4 of the complaint, and because entirely too much of it was devoted to the statement of an hypothesis of facts calculated to lead the jury to a consideration of the question of contributory negligence which was not in issue. Or, if the facts hypothesized be considered merely as elucidating the charge of negligence against defendants' driver—and, properly considered, they had a very clear bearing on that question—then the charge laid undue emphasis upon them. It marshaled the facts tending to exculpate the driver, at the same time putting off the evidence contra with a bare generalization to the effect that the driver was not guilty of negligence. The charge was properly refused because calculated to confuse and mislead the jury.

As heretofore stated, we do not accept defendants' interpretation of the ordinance as being inconsistent with the act of 1911. This disposes of defendants' charge 26.

[14] The court's ruling on the motion for a new trial has been duly considered. There can be no doubt that, if plaintiff was injured by the culpable negligence of defendants' driver, the damages awarded were not out of proportion to the injury suffered. The question of liability on the facts is not quite so plain; still it was very clearly a question for the jury, and with their finding this court is unable to interfere on any correct principle. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.