# Central of Georgia Railway Co. *v.* Freeman.

*Action against Railroad Company to recover Damages for Personal Injuries.*

1. *Action against railroad company; sufficiency of complaint.*—In an action against a railroad company to recover damages for personal injuries, a count of the complaint which, after averring that the plaintiff was run over by a train operated by the defendant on its railroad and sustained personal injuries described, then avers "that defendant negligently caused or allowed said engine or train to run upon or against plaintiff" as aforesaid, states a substantial cause of action.

2. *Same; same.*—In such a case, a count of the complaint which avers that the plaintiff's injury was caused by reason of the fact that "the engineer or other person having control of the running of such locomotive negligently failed to blow the whistle or ring the bell at least one-fourth of a mile before reaching the crossing of such railway with said street, which crossing was a public crossing, or negligently failed to blow the whistle or ring the bell at short intervals until said locomotive had passed said crossing as required by section 3440 of the Code of Alabama," states a substantial cause of action.

3. *Same; same.*—In such a case, a count of the complaint which avers that the plaintiff's injuries were caused by reason of the fact that "defendant's servant or agent upon said engine or train, with knowledge or notice that by running said train at a rapid rate of speed to and upon the crossing of said street, great personal injury would likely be caused to persons upon said crossing, wantonly or intentionally ran said train to or upon said crossing at a rapid rate of speed, and as a proximate consequence thereof, said engine or train ran upon or against plaintiff, and he suffered the injuries and damages set out in the first count of the complaint," do not state a substantial cause of action, and is subject to demurrer.

4. *Contributory negligence; sufficiency of plea.*—In an action against a railroad company to recover damages for personal injuries, sustained at a public crossing, a plea sets up a good defense against the maintenance of such suit, which avers that "it was

[Central of Georgia Railway Co. v. Freeman.]

the duty of plaintiff to stop, look and listen before going upon or attempting to cross defendant's said track, and defendant avers that plaintiff did not stop and look and listen before going upon or attempting to cross said track; and defendant avers that the negligence of the plaintiff in this regard contributed proximately to produce the injuries complained of."

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee, Robert A. S. Freeman, against the Central of Georgia Railway Company, to recover damages for personal injuries. The complaint contained five counts, in each of which the plaintiff claimed $20,000. In each of the counts it was averred that the plaintiff was run over by a train operated by the defendant while he, the plaintiff, was on a public highway in Alexander City; that by reason of being so run over, he lost a part of both feet and was otherwise injured and crippled for life. The negligence averred in each of the counts was as follows: 1st count: "Plaintiff alleges that defendant negligently caused or allowed said engine or train to run upon or against plaintiff as aforesaid."

2d count: "The engineer or other person having control of the running of said locomotive negligently failed to blow the whistle or ring the bell at least one-fourth of a mile before reaching the crossing of said railway with said street, which crossing was a public road crossing, or negligently failed to blow the whistle or ring the bell at short intervals until said locomotive had passed said crossing as required by section 3440 of the Code of Alabama."

3d count: "The engineer or other person having control of the running of said locomotive negligently failed to blow the whilstle or ring the bell at least one-fourth of a mile before reaching a regular station or stopping place on said railway, or negligently failed to continue to blow the whistle or ring the bell at short intervals until said engine had reached said station or stopping place, as required by section 3440 of the Code of Alabama; said station or stopping place being the depot of said company at said Alexander City."

4th count: "Defendant's servant or agent upon said

engine or train, with knowledge or notice that by running said train at a rapid rate of speed to and upon the crossing of said street, great personal injury would likely be caused to persons upon said crossing, wantonly or intentionally ran said train to or upon said crossing at a rapid rate of speed, and as a proximate consequence thereof, said engine or train ran upon or against plaintiff, and he suffered the injuries and damages set out in the first count of this complaint."

5th count: "Defendant's servant or agent upon said engine or train with knowledge or notice that many people were likely at all times to be crossing the track of said railway upon said street at said crossing, and that the failure to ring the bell or blow the whistle as required by section 3440 of the Code of the State of Alabama in approaching said crossing, wantonly or intentionally failed to ring the bell or blow the whistle as required by said law, while approaching said crossing; and as a proximate consequence thereof, said engine or trai ran upon or against plaintiff, and inflicted the injuries and damage set out in the first count of this complaint."

To the 1st count of the complaint and to each count thereof, the defendant demurred upon the ground that they did not set out a cause of action, and did not state facts showing the negligence complained of.

To the 2d and 3d counts the defendant demurred upon the grounds that each of said counts fails to allege how the failure to blow the whistle or ring the bell before reaching the crossing caused the injuries complained of.

To the 2d and 3d counts the defendant demurred upon the ground that the facts set up therein state no cause of action against the defendant. The demurrers to each of the counts were overruled. Thereupon the defendant pleaded the general issue and several special pleas setting up the contributory negligence of the plaintiff. One of these pleas was as follows: "3. For further answer to each count of the complaint, separately and severally, defendant says it was the duty of plaintiff to stop, look and listen before going upon or

[Central of Georgia Railway Co. v. Freeman.]

attempting to cross defendant's said track; and defendant avers that plaintiff did not stop, look and listen before going upon or attempting to cross said track, and defendant avers that the negligence of the plaintiff in this regard contributed proximately to produce the injuries complained of."

To each of the special pleas setting up the contributory negligence of the plaintiff, the plaintiff demurred so far as they purported to be in answer to the 4th and 5th counts of the complaint, upon the ground that contributory negligence was no answer to the negligence averred in said counts. The demurrers were sustained.

On the trial of the case there were verdict and judgment, assessing the plaintiff's damages at $6,750. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

JOHN LONDON, for appellant.

BOWMAN & HARSH, contra, cited L. & N. R. R. Co. v. Brown, 121 Ala. 226; L. & N. R. R. Co. v. Orr, 121 Ala. 498.

McCLELLAN, C. J.—The 1st, 2d, and 3d counts of the complaint allege negligence on the part of the defendant and that such negligence caused the injuries complained of. The 4th and 5th counts charge nothing; they allege no cause of action against the de-defendant.—Southern R'y. Co. v. Bunt, 131 Ala. 591. The case should have been tried as if they were not in it. Defendant's pleas of contributory negligence were good against the only causes of action alleged in the complaint. The demurrers to them should have been overruled. The evidence was free from conflict to the proof of those pleas. With them in the case, the defendant will be entitled to the affirmative charge.

Reversed and remanded.