# Louisville & Nashville R. R. Co. v. Pearce.

*Action against Railroad Company to Recover Damages for Killing a Horse and Destroying Wagon and Harness.*

1. *Evidence; when statement not the conclusion of witness.*—In an action against a railroad company to recover damages for alleged negligent killing of a horse, where the owner testifies that he visited the place of the accident and saw marks on the ground indicating the horse had been dragged, and this statement is, on motion of defendant, excluded, the further question propounded to the witness as to "How great a distance had this something been pushed or dragged along the track?" is not subject to the objection that it calls for the conclusion of the witness and for incompetent testimony.

2. *Contributory negligence; duty of person approaching track of railway.*—It is the duty of a person approaching the tracks of a railway for the purpose of crossing it, to stop and look, and if necessary, to listen for approaching trains; and where

[Louisville & Nashville R. R. Co. v. Pearce.]

there is an omission of this duty, followed by injury resulting from a collision with a train or 'locomotive or car, while attempting to cross over the track, the person so injured and so failing to discharge the duty resting upon him is, as a matter of law, guilty of contributory negligence which precludes his recovery of damages in an action which counts upon .the simple negligence of the railroad company or its employes.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, Charles E. Pearce, against the Louisville & Nashville Railroad Company.

The facts of the case are sufficiently stated in the opinion.

From a judgment in favor of the plaintiff, the defendant appeals and assigns as error the rulings of the court on the evidence, and among other rulings, the refusal of the court to give the general affirmative charge requested by the defendant.

GREGORY L. SMITH, for appellant.—"It is contributory negligence in crossing a railroad track, not to stop, or listen, for an approaching train."—*Robinette v. Ala. Gr. So. R. R.,* 137 Ala. 501; *H. A. & B. R. R. Co. v. Maddox,* 100 Ala. 620; *Ga. Pac. Ry. v. Lee,* 92 Ala. 267; *R. R. Co. v. Crawford,* 89 Ala. 245; *Ga. Pac. v. O'Shields,* 90 Ala. 30; *R. R. Co. v. Black,* 89 Ala. 316; *Gothard v. R. R. Co.* 68 Ala. 119; *E. T. V. & G. v. Kornegay,* 92 Ala. 228; *Glass v. R. R.,* 94 Ala. 587; *R. R. Co. v. Sampson,* 91 Ala. 564; *Highland Ave. & Belt v. Maddox,* 100 Ala. 621; *R. R. v. Richards,* 100 Ala. 366; *Cen. of Georgia v. Forshee,* 125 Ala. 213; *Cen. of Ga. v. Freeman,* 134 Ala. Ala. 354.

FITTS & STOUTZ, *contra.*—The question was not open to the objections made against it and the answer did not state state a conclusion and was competent evidence. *B'ham Union Rwy. Co. v. Alexander,* 93 Ala. top Page 137; *K. C. Memphis & B'ham. R. R. Co. v. Henson,* 132 Ala. 528. "This sort of evidence has been used with reference to all manner of object."—1 Greenleaf on Evidence mid. Page 82, 16th Edition.

The defendant was guilty of such negligence as entitled the plaintiff to recovery.—*A. G. S. R. R. Co. v. Boyd*, 124 Ala. 526 and authorities there cited; *Chat. So. R. R. Co. v. Daniel*, 122 Ala. 363; *Chat. So. R. R. Co. v. Wilson*, 124 Ala. 444.

HARALSON, J.—The plaintiff sues to recover two hundred dollars, the value of a horse, wagon and harness, which were alleged to have been negligently run over and destroyed by a train of cars of defendant company in the city of Mobile, averring that the killing of his horse and the destruction of his wagon and harness were the result of negligence on the part of the railroad company, its servants or agents.

The defendant pleaded the general issue, and a special plea, in substance, that the person in charge of plaintiff's horse and wagon, was driving, south, upon the defendant's track, and negligently failed to leave said track in time to avoid being stricken by the defendant's train which was approaching in a northerly direction, although said driver could, by the exercise of reasonable diligence, have known of the approach of said train in time to leave said track, before the injuries complained of, and that said negligence proximately contributed to the said injuries.

According to the evidence of the plaintiff, the accident occurred in the evening, when it was dark; that the person in control of the horse and wagon was driving upon the west side of Commerce street in Mobile, and came to a place at the corner of Commerce and St. Francis streets, blocked by a big hole about ten feet in diameter, which had a red light on it; that there was a string of cars standing on the east side of the street and some drays on its west side, and the only showing, as the driver testified, to get around the hole, was to drive on the track just east of the hole; that he had driven about twenty feet on the track, when about ten cars backed from the north, coming, as it appeared, about twenty miles an hour, ran on his team; that he drove upon the railroad track and started down south, without thinking about the train. He stated, that "A man only looks

at his horse when he is driving, and that he looked up just in time to save himself; * * * * that he had just headed his horse, south, and the box car bumped the horse in the face; * * * * * that when he looked up, it was too late; that he had driven but a short distance on the track before he was caught." He also stated that he saw a light before the car struck the wagon that there was a man on the car with a lantern in his hand, and as it seemed, two or three cars from the end, who was moving towards him hallowing at the same time, and if he had not hallowed witness would have been killed.

The switchman of the train testified, that he was on the car at the time of the accident; that the train was going north with six cars which were being pushed ahead of the engine, at the intersection of Commerce and St. Francis streets; that the driver was driving south on the west side of Commerce street and tried to drive across just in front of the cars; that he could not get out of the way and jumped off the wagon and ran off leaving his wagon; that the witness was on top of the first car at the north end, and another switchman was also on the car; that it was dark and the car was only about two lengths from the wagon at the time the driver drove upon the track, and the train was traveling at six miles an hour; that as soon as witness saw the driver start across the track, he began flagging the train to stop, and whistled to the driver before he got on the track, and the driver said he heard somebody whistling, but did not know where it came from; that the engineer put on the brakes and reversed the engine, and the train moved about two car lengths after witness began flagging; that the cars were about 34 feet long, and the bell was ringing all the time, and every thing was done to avoid the accident, that could have been done.

The owner of the horse testified that he went to the place of the accident, shortly after it occurred. He was asked by the plaintiff, to describe the condition of the ground along the track. He replied, that, "on St. Francis street, at the end of the box car, * * * there was wreckage of the harness and some pieces of wheel, and some parts of wagon, and the mare was dragged. I

could see from the marks on the ground where she had been dragged, from the intersection of St. Francis street." On motion of defendant, the court excluded "that portion of the answer in which the defendant had stated that the mare had been dragged. Thereupon, the plaintiff asked the witness the following question: "How great a distance had this something been pushed or dragged along the track in the street?" The defendant objected to the question, because it called for the conclusion of the witness, and as calling for incompetent testimony, but the court allowed it against its objection.

After the portion of the answer, in which the witness had stated that the mare had been dragged, was stricken, there was nothing of the answer remaining except, that there was wreckage of the harness and some pieces of the wagon and wheels on the ground, and nothing about any thing having been dragged. The question that followed, assumed that something had been dragged, but it was not objected to on this ground. The objection was that "it called for a conclusion," and was incompetent. If something had been dragged, it was not a conclusion of the witness in so stating, but was a fact to which he was competent to testify and it was competent to be so stated, as tending to show the circumstances of the collision and how rapidly the car was running at the time of the collision.—*Watkins v. State*, 89 Ala. 82.

The defendant insists that the general charge requested by it should have been given. This contention proceeds upon the undisputed fact, that the plaintiff's servant drove upon defendant's track without first stopping, looking and listening for the approach of the train In so doing, there can be no question but that he was guilty of negligence.—*G. P. R. R. Co. v. Lee*, 92 Ala. 267; *C. of G. R. R. Co. v. Freeman*, 134 Ala. 354; *Ib. v. Foshee*, 125 Ala. 199.

There was evidence that if plaintiff's driver had used this precaution, he could have seen the approaching train just ahead of him and the accident would not have occurred. The driver himself testified that one driving only looks at his horse, and that he looked up just in time to save himself; that he was not thinking about the

train at that moment, until his attention was called to it by the man on the train hallowing to him, and was looking right down on the track, and when he got on the track, the car was very near to him. There was no evidence that defendant's servants were negligent in not seeing the peril of the wagon and horse sooner, or after such discovery. That such negligence on the part of the driver contributed proximately to the collision cannot be doubted.

"The logical rule in this connection, the rule of common sense and human experience, as well,   *   *   *   *   * is that a person guilty of negligence, should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind."—*Armstrong v. Montgomery Street Railway Co.,* 123 Ala. 233.

The plea of not guilty and contributory negligence were interposed to the complaint, upon which issue was joined. Under this double defense, that of contributory negligence of the plaintiff, was not in whole nor to any extent an admission that defendant had been guilty of any negligence. In such a state of pleading the case may be tried upon either or both lines of the defense set up, and if either is made out the defendant is entitled to a judgment. "The plaintiff, to make out his side of the case, must prove the defendant was guilty of negligence, the proximate effect of which was to injure him. This will entitle him to recover unless it showed the plaintiff was also guilty of negligence, which contributed proximately to the injury."—*Carter v. Chambers,* 79 Ala. 229; *McDoneld v. M. S. R. R. Co.,* 110 Ala. 162.

If the case rested upon the plea of not guilty, under the evidence, the question of defendant's negligence would be one proper for the determination of the jury. But as we have said, the evidence bearing on the defense of contributory negligence of plaintiff's servant, is not in conflict, is clear and certain, leaving no room for doubt, in which case, it was a question of law for the

court to decide. The general charge for the defendant should have been given.—*Mouton v. L. & N. R. R. Co.,* 128 Ala. 547.

In the view we take of the case, it is unnecessary to pass on the other assignments of error.

Reversed and remanded.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.