# Sloss-Sheffield Steel & Iron Co. v. Sharp.

*Action for Damages for Injury to Employe.*

(Decided July 3, 1908.  47 South. 279.)

1. *Master and Servant; Injury to Servant; Complaint; Gases.*—It not being the duty of the master, under the statute, to maintain a sufficient circulation of air in a mine to brush out explosives, it cannot be said as a matter of law, to be its duty to do so, and a complaint which alleges in the alternative that the owner failed to provide a way to conduct air into the mine in sufficient quantities to brush out the gas or other explosive substance fails to allege the duty on the master to brush out explosives other than noxious gases.

2. *Evidence; Declaration.*—It is competent to show the declaration of plaintiff tending to show that he was in fault, and also to show the declaration of his co-laborers made in plaintiff's hearing or presence, tending to fix such fault on plaintiff.

3. *Same; Expert; Evidence; Qualifications.*—A witness shown to be Associate State Mine Inspector, a practical miner of fifteen years experience and to have a good deal of experience in gaseous mines, is sufficiently shown to be an expert so as to be qualified to answer "if in the proper ways and works of a mine, if they have sufficient air in the mine, could there be a gas explosion?"

4. *Same; Form of Question.*—Questions to an expert should be so framed as not to submit to him to pass upon the credibility of a preceding witness who had testified in respect to the facts hypothesized.

5. *Appeal and Error; Matters Shown by Record; Sustaining Objection.*—If a party fails to show what answer was expected of the witness to a question to which objection was sustained, he cannot put the trial court in error for sustaining such objection.

6. *Same; Raising Questions; Motion to Exclude.*—Non responsive answers should be met by motion to exclude, and if this is not done no question is raised as to them.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Sidney Sharp against the Sloss-Sheffield Steel & Iron Co., for damages for injuries received in a mine of defendant by reason of a gas explosion. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Sloss-Sheffield Steel & Iron Co. v. Sharp.]

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. Legal principles are not determined by the opinion of witnesses.—*Ward v. Shirley*, 131 Ala. 558; *Alexander v. Hadley*, 96 Ala. 220; *Southern Ry. Co. v. Posey*, 124 Ala. 486; *Montgomery & West Point Ry. Co. v. Edwards*, 41 Ala. 667; *A. G. S. v. Tapia*, 94 Ala. 226. The court erred in refusing to allow proof of the declarations made by the plaintiff and his co-laborer in his presence, showing that plaintiff was at fault.—*A. G. S. v. Brooks*, 135 Ala. 401; 16 Cyc. 596; *Springer v. Bynum*, 86 N. E. 361. The court erred in reference to the hypothetical questions to the witness Beddow.—*Porter v. The State*, 135 Ala. 51; Wigmore's Evid. parag. 681; *McDonald v. Harris*, 131 Ala. 359. The court erred in overruling demurrer to the 4th count as amended.—*Whatley v. Zenida Coal Co.*, 122 Ala. 118; *Sloss-Sheffield Steel & Iron Co. v. Mobly*, 139 Ala. 426. Knowledge of defect without opportunity to remedy it is not enough.—*Seaboard Mfg. Co., v. Woodson*, 98 Ala. 378; *Mary Lee C. & R. R. Co. v. Chambliss*, 97 Ala. 171; *L. & N. v. Campbell*, 97 Ala. 147.

W. T. STEWART, and W. K. TERRY, for appellee. The 4th count was clearly sufficient.—*Southern C. & E. Co. v. Jennings*, 137 Ala. 247; *Jackson Lbr. Co. v. Cunningham*, 141 Ala. 206. The court did not err in refusing the affirmative charge.—*B. R. L. & P. Co. v. Enslen*, 39 South. 74; *K. C. M. & B. R. R. Co. v. Matthews*, 39 South. 207. Counsel comment on authorities cited by appellant as to the other assignments of error.

DENSON, J.—This action sounds in damages for a personal injury suffered by the plaintiff (appellee) while working as an employe of defendant (appellant) in a mine operated by the defendant and known as

"Bessie Mine." The complaint contained several counts, but all except the fourth count as amended were eliminated, either on demurrer or on charges given at the request of the defendant.

The fourth count as amended is in this language: "The plaintiff claims of the defendant the sum of $10,-000 as damages, for this: That heretofore, to wit, on the 24th day of July, 1907, defendant was running and operating a coal mine at Bessie Mine, in Jefferson county, Ala., and on said day plaintiff was in the service or employment of the defendant in or about said business of defendant, and while plaintiff was in said mine, in and about said business as aforesaid, a fire broke out or was burning in said mine, said fire being caused by the ignition or explosion of gas or other explosive substance in said mine; and plaintiff avers that he was greatly burned in and about the hands, face, head, neck, back, and shoulders, and otherwise injured in and about his lungs, body, and limbs, was made sick and sore, was crippled and disfigured, his nervous system impaired, and was rendered permanently less able to work and earn money; and plaintiff avers that he suffered and is likely to continue to suffer great mental anguish and physical pain, and was put to expense and will be put to further expense in and about procuring medicines for his wounds, nursing and medical attention, and lost time from his work and labor, and is likely to continue to lose time from work, all to the damage of plaintiff as aforesaid. Plaintiff avers that he received his said injuries by reason of and as a proximate consequence of a defect in the condition of the ways, work machinery, or plant connected with or used in the business of the defendant, in this, to wit: That the defendant failed to provide a way to conduct air into the said mine in sufficient quantities to brush out the gas or other explo-

sive substances, or to keep it from accumulating in such quantities as to explode. And plaintiff avers that said defect had not been discovered or remedied, owing to the negligence of the defendant, or of some person in the service of the defendant, and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition."

It will be observed that this count is grounded on the first subdivision of section 1749 of the Code of 1896, which provides for a liability against the master, in favor of the servant, for an injury "caused by reason of any defect in the condition of the ways, works machinery, or plant connected with or used in the business of the master or employer." Manifestly the count is presented in view of the duty fixed on the operator or superintendent of every coal mine by section 2914 of the code of 1896. The duty fixed by this statute on the defendant is to provide and maintain ample means of ventilation for the circulation of air through the main entries and other working places in its mine, to an extent that will dilute, carry off, and render harmless the noxious gases generated in the mine. Assuming, without deciding, that the failure to put in and maintain the means specified would constitute a defect, within the meaning of the employer's liability statute, we must determine the sufficient of the count in respect to the demurrer assigned thereto.

In addition to the duty imposed by the statute, the count goes further, and, in the use of the alternative averment, "or other explosive substance," would add to the duty defined by the statute, and make the failure to provide for and maintain a sufficient circulation of air through the mine to brush out explosive substances other than gas a defect in the condition of the ways, works, machinery, or plant of the defendant, and on account

of such failure would fix a liability on the mine owner or operator as a matter of law. It is true that, where a statute imposes a duty upon an individual or corporation in the operation of a mine, a violation of the statute or a breach of the statutory duty constitutes an act of negligence upon which, if injury ensues as a proximate consequence, liability become fixed on the wrongdoer.— *Kansas, etc. Co. v. Flippo,* 138 Ala., 487, 35 South. 457. But it is plain that, as the statute does not impose upon the defendant the duty to provide for or maintain a sufficient circulation of air to brush out explosive substances other than noxious gas, it cannot be said as matter of law to be its duty to do so.—*Whatley v. Zenida Coal Co.,* 122 Ala. 118, 26 South. 124.

There are no averments in the count to show a duty incumbent upon the defendant to provide for and maintain sufficient circulation of air to brush out explosives other than noxious gas; and it is therefore clear that it fails, in the latter alternative, to state a cause of action.—*Whatley v. Zenida Coal Co., supra; Central of Ga. Ry. Co. v. Freeman,* 134 Ala. 354, 32 South. 778. The count being in the alternative, and in this way attempting to present two causes of action in the same count, it is the well-established rule that both alternatives must present a cause of action, or the count will be held to be bad. In other words, in such case the count can be no stronger than its weakest alternative, and if one of the alternatives fails to present a cause of action, the count will be held to be bad. 4 Ency. of Pl. & Pr. 620; *Central of Ga. Ry. Co. v. Freeman,* 134 Ala. 354, 32 South. 778. The demurrer is sufficient to present the question, and should have been sustained. Having reached this conclusion, a reversal must follow; and consideration of the assignment of error in respect to the refusal of the court to give the affirmative charge is not necessary.

Plaintiff and Jim Spencer were working together as "buddies" in the mine on the day of the explosion which caused plaintiff's injuries. They together had prepared the fuses by which the shot was made. It would be competent for the defendant to prove any declaration made by the plaintiff tending to show fault on his part in the preparation of the place or hole for the fuse and in the placing of the fuse in position; and it would also be competent to prove any declaration or statement made by Spencer, in plaintiff's presence or hearing, tending to fix such fault on the plaintiff; but in order to put the lower court in error in its ruling in respect to the admissibility of such evidence it is incumbent upon the defendant to show to that court what answer was expected.—*Dent & Cade v. Chiles,* 5 Stew. & P. 383, 392, 26 Am. Dec. 360. This is sufficient to guide the court in respect to this matter, should another trial be had.

The questions asked witness Flynn, the overruling of defendant's objection to which is made the basis of the first and second assignments of error, it appears from the bill of exceptions, did not receive responsive answers, and there was no motion to exclude the answers given. Consequently the court cannot be put in error for its ruling. The evidence shows that Flynn was associate state mine inspector and a practical miner, that he had been engaged in mining about 15 years, and had "had a good deal of experience in gaseous mines." On this predicate we think the court properly allowed him as a witness to answer the question: "If in the proper ways and works of a mine, if they have sufficient air in the mine, could there be a gas explosion?"

We think witness Beddow was shown to be an expert; but, on another trial, the questions calling for his knowledge as an expert should be so framed as not to

C 19

submit to the witness the credibility vel non of any preceding witness, who may have testified in respect to the facts hypothesized.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.