(128 So. 233)

## STRICKLAND v. DAVIS.

### 6 Div. 409.

Supreme Court of Alabama.

March 27, 1930.

Rehearing Denied May 22, 1930.

T. A. Murphree, of Birmingham, and Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

Altman & Koenig, of Birmingham, for appellee.

BOULDIN, J.

The action is to recover damages for personal injuries resulting from an automobile collision.

Count A of the complaint, on which the trial was had, alleges that while plaintiff was a passenger in an automobile being driven on a public highway at a time and place specified, the defendant negligently "ran an automobile against the said automobile in which plaintiff was such passenger, and as a proximate result of said negligence" plaintiff received the injuries described.

■ These averments disclose the duty of care by one motorist toward another in the rightful use of a public highway. This being shown, a general averment of negligence is sufficient.

■ The demurrer to this count was properly overruled. Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334.

Plaintiff, Mrs. Davis, was riding in a Studebaker roadster with the owner, Sylvester Lynn, who was driving the car en route from Birmingham over the public highway known as Lock 17 Road. Defendant, Dr. J. J. Strickland, driving his own Cadillac car, overtook and undertook to pass the Lynn car some twenty miles west of Birmingham. A collision of more or less violence occurred, wherein the front portions of the two cars came into contact, the right side of defendant's car colliding with the left side of Lynn's car. Lynn's car veered to the right, left the road, and ran into a large oak tree standing some fifty feet from the center of the road. The personal injuries received by plaintiff, so far as the evidence discloses, were due to the violent impact of the car with the tree.

Thus far the evidence is without substantial conflict.

Plaintiff's version of the accident, briefly stated, is: While driving at midday along an open stretch of the highway, 20 or more feet in width of traveled surface, and while going at a speed of some 30 miles per hour, and keeping well to the right of the center of the road, suddenly and without warning so far as heard by either of the occupants of the Lynn car, defendant's car, suddenly passing on the left, struck Lynn's car about the left fore wheel, causing it to suddenly change direction and run into the tree. Lynn, as a witness, claims that he was so unbalanced and tossed about by the collision and movement of his car over rough ground, that he did not regain control of same in time to avoid striking the tree.

Defendant's version, briefly stated, is: On overtaking the Lynn car a signal was given and repeated, the Lynn car turned to the right as if recognizing the signal to pass, and while

in the act of passing the Lynn car turned to the left and caused the collision. Defendant disclaims knowledge that the cars had actually come into contact until notified by his companion riding with him; claims that his car kept on its course until he brought it to a stop after such notice. Plaintiff claims defendant's car swung to the right of the road and scraped the embankment at a point beyond the collision. There is a sharp conflict as to the exact point of the collision to be further noticed.

■ Plaintiff, over objection of defendant, was permitted to introduce evidence of declarations made by the defendant after the accident to the effect that he was "at fault" in the matter; that it was the result of "his fault," etc.

It is not questioned that such alleged declarations, if made, were against interest; but the argument is that such declarations are mere opinions or conclusions of law or of mixed law and fact, and hence inadmissible. Appellant's view seems to be that only admissions of fact in such form as defendant could depose to as a witness, in affirmance or denial of his liability, are admissible. We do not concur in this view.

■ A declaration of a pure opinion of law could not be evidence of legal liability. But a declaration of a party touching a transaction known to him that he was at fault, whether intended as an expression that he was legally at fault, or of conscious wrongdoing as between man and man, is admissible in a case of this character. Although the judgment thus expressed be one of mixed law and fact, if at variance with the contention made on the trial, such declaration is a circumstance to be weighed by the jury, not as binding or conclusive, but to be considered along with all the evidence in passing upon the question of legal liability.

■ The declaration need not conform to statements the witness could make on the stand on his own behalf. If it discloses a conscious attitude toward the transaction opposed to the contention set up in court, it is admissible against him. The rule applies to actions as well as words. Sloss-Sheffield S. & I. Co. v. Sharp, 156 Ala. 284, 47 So. 279; Lewis v. Harris, 31 Ala. 689; Parker v. Cushman, 195 F. 715, 117 C. C. A. 71; Kentucky Distilleries Co. v. Wells, 149 Ky. 275, 148 S. W. 375; Gulzoni v. Tyler, 64 Cal. 334, 30 P. 981; De Mahy v. Morgan's Louisiana, etc., 45 La. Ann. 1329, 14 So. 61; 2 Jones on Evidence (2d Ed.) §§ 899, 900 and 901; 1 Greenleaf Ev. § 97.

■ The interview and arrangement between Mr. Lynn and the plaintiff looking to the trip were admissible as going to plaintiff's presence in the car as a passenger, and not on a joint enterprise in the operation and control of the movements of the car at the time of the accident.

■ A physician in continuous association with the injured party following the accident may express his opinion that she suffered pain.

■ Photographs identified by a party having personal knowledge of the location as true photographs of the scene, and showing the road, the tree, and other permanent objects in their relation to each other, are properly admitted in evidence. It is not necessary to produce the photographer or other person present who saw the location of the camera, where this is reasonably apparent from the photographs, or where the photograph discloses matters of importance regardless of where the camera was placed. Louisville & N. R. R. Co. v. Hall, 91 Ala. 112, 8 So. 371, 24 Am. St. Rep. 863.

■ Evidence of average earnings over a number of years, although derived from a commission business, is admissible as affording some basis for estimation of damages in cases of this character. Bankers' Mortgage Bond Co. v. Sproull, 220 Ala. 245, 124 So. 907.

Appellant insists he was due the affirmative charge for that the long distance the Lynn car ran and the violence of the impact with the tree, physical facts proven without conflict, demonstrate that an efficient intervening force was the immediate and sole proximate cause of the injury.

■ According to plaintiff's evidence, the point of collision was 71 feet from the tree; according to defendant's evidence, it was 182 feet. The truth of the matter was for the solution of the jury. There was no such preponderance of evidence for defendant as would justify a new trial on the grounds stated.

If plaintiff's version be found true on this issue, it cannot be said as matter of law that a car running 30 miles or more per hour, 44 feet per second, would come to a stop or lose its momentum so as to prevent a violent striking of the tree in a distance of 71 feet. If indeed the evidence were convincing that additional power, the feed of gas after the collision, contributed to the smash-up at the tree, it was for the jury to say whether this was due in whole or in part to the wrongful act of defendant.

■ If sudden panic, the bouncing of the car over rough ground, or both, were continuing factors in preventing a proper control of the feed, the use of brakes, or the steering of the car so as to miss the tree, any negligence or lack of skill of the driver, Lynn, in these respects would be a concurring or contributing cause, and not the sole intervening proximate cause. Contributory negligence on his part is not to be visited upon plaintiff, a passenger or guest.

The complaint alleged that plaintiff was a passenger in the car in collision with defendant's car. Plaintiff's evidence was to the ef-

fect that Lynn volunteered to transport her to a point where she was to join friends on a fishing trip in order that he might have a conversation on business en route.

Appellant argues there was failure of proof that plaintiff was a passenger. A "passenger," as used in common parlance and in automobile law in actions of this sort against third persons, means a person rightfully taking passage as distinguished from the operator or person responsible at the time for its operation. The technical relation of passenger for hire, guest, or licensee, may enter into the measure of legal duty in actions against the carrier or operator. But third persons owe the same duty of care to all occupants of another car in the rightful use of a public highway.

The evidence makes no case of joint adventure or joint enterprise in the operation of the car of which plaintiff was an occupant. Whiddon v. Malone, 220 Ala. 220, 124 So. 516.

The complaint sufficiently identified the place of the accident, but added, "a more certain or definite and particular description of said place being unknown to plaintiff." Appellant argues the affirmative charge was his due for entire failure to prove the averment quoted, or that in fact the evidence discloses knowledge of other data identifying the place. The point is made that the averment of want of further knowledge made that issue a material one. Whether this averment be deemed mere surplusage, or as being made material by incorporation in the complaint, it was not a matter going to a substantial right of recovery, entitling defendant to the affirmative charge, unless called to the attention of the trial court under rules now obtaining. C. C. Rule 35.

A careful study of defendant's refused charge No. 6 leads us to the conclusion that it was refused without error. It deals with two questions in the conjunctive: First, the acquittal of defendant of initial negligence; and, secondly, the question of proximate cause, the intervention of a new and efficient force.

In the first aspect a right of way to pass is predicated on a finding that defendant "sounded his horn", within such time and proximity as to "permit" the other car to give way and leave room to pass. There is no hypothesis that the signal was heard, nor that the leading car gave any indication it had been heard. In view of the sharp dispute as to whether the horn was sounded and heard, the charge should have hypothesized that it was distinctly sounded so that it was or ought to have been heard. In the absence of one of these conditions, it cannot be said as matter of law that a right of way to pass accrued when such time elapsed as to "permit" the leading car to give way. The duty of the leading car to turn to the right,

if need be, on proper signal was covered by given charge No. 40.

In the second aspect of charge 6, it does not hypothesize that the driver intentionally or negligently "manipulated" the car after the collision so as to increase its speed, etc. It ignores that phase of the evidence tending to show a violent collision suddenly turning the Lynn car in another direction over rough ground as a factor entering into the manipulation and speeding up of the car, if such there was. "Manipulated" is not of such unequivocal import as would clearly impress a a jury that the driver was the sole effective agency in bringing about the contact of his car with the tree.

We are not unmindful that if one of two hypotheses in a charge presents a clear defense, the addition of another, not adequately stated, would not render it bad, as matter of law. Yet, a jury my not so readily observe such legal distinctions. The charge, as a whole, was at least calculated to mislead. Moreover, the charge assumes there was a duty to give way, when plaintiff's evidence tended to show the Lynn car was at all times to the right of the center of the road.

Refused charge No. 7 does not negative the idea that stepping on the gas was due in whole or in part to want of control produced by the wrongful act of defendant.

Charge 17 under some conditions would be unobjectionable. But under this evidence, it should hypothesize that the driver of the Lynn car by his own intentional act, or else by his negligent act after regaining control of the car, drove it against the tree.

Given charges 38, 39, 44, 45, and 46, cover the principle of refused charge No. 9, and with more direct references to the case made by the evidence.

Refused charge L, while a correct statement of the law, has been declared subject to such criticism as to form that neither its giving nor refusal will work a reversal of the cause. Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214.

Given charges Nos. 8, 10, and 12 instructed the jury quite favorably for defendant on the question of an intervening efficient force as the sole proximate cause.

Refused charge 31 ignores the phase of the evidence tending to show plaintiff's car was already running on the right hand side of the road, and there was no occasion to turn to the right.

Charges 33 and 34 are misleading as to the duty of the driver of the leading car toward those coming from behind, as defined in Birmingham Electric Co. v. Baker, 219 Ala. 324, 122 So. 316.

Refused charge 35 deals with liability to the operator guilty of contributory negligence, and has no application to a passenger not chargeable with the contributory negligence of the driver.

Refused charge 41 acquits defendant in a suit by a passenger because of negligence of the driver of the leading car, without regard to negligence of the driver of the passing car. It should negative negligence on the part of the operator of the passing car.

Refused charge 43 also deals with mere contributory negligence of the driver of the leading car.

What we have written suffices to show that charges J and K were refused without error.

Some other questions have been argued, and have been fully considered, but further discussion is unnecessary. We find no error to reverse in such rulings.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.